# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE O. BROWN, | CASE NO. 1:08-cv-01252-OWW-YNP PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | OBJECTIONS DUE WITHIN 30 DAYS |
| SUSANN HUBBARD, et al., | |
| Defendants. | |

Plaintiff Ronnie O. Brown ("Plaintiff") is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee for this action. On August 25, 2008, Plaintiff file a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 and commence this action without prepayment of the filing fee. (Doc. #2.) Plaintiff's motion to proceed IFP was granted on August 27, 2008. (Doc. #4.) On September 24, 2009, Defendants filed a motion to dismiss that argued that Plaintiff's IFP status should be revoked because Plaintiff had on three or more occasions been granted IFP status in civil actions that were subsequently dismissed as frivolous or for failing to state a claim upon which relief can be granted.[1] (Doc #20.) The Court ordered Plaintiff to show cause why his IFP status should not be revoked. (Doc. #24.) Plaintiff did not respond to the order to show cause and the Court issued a findings and recommendations that

---

[1] The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g).

1

recommended that Plaintiff's IFP status should be revoked. (Doc. #27.) Plaintiff did not object to the findings and recommendations. The findings and recommendations was adopted on February 18, 2010. (Doc. #28.) Plaintiff's IFP status was revoked and Plaintiff was given thirty days to submit the $350 filing fee in full. See 28 U.S.C. § 1914 (requiring parties instituting any civil action to pay a filing fee of $350). Plaintiff was explicitly informed that the failure to pay the $350 filing fee would result in dismissal of this action pursuant to Local Rule 11-110[2] for failure to prosecute. (Order Re: Findings & Recommendations 2:23-25, Feb. 18, 2010.)

Over thirty days have passed and Plaintiff has not paid the $350 filing fee for this action. As such, the Court HEREBY RECOMMENDS that this action be dismissed due to Plaintiff's failure to pay the filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 12, 2010**                /s/ Sandra M. Snyder
                                UNITED STATES MAGISTRATE JUDGE

---

[2] Following the amendment of the Local Rules, Local Rule 11-110 was renumbered and is now Local Rule 110.